```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

WILLIAM H. SMITH,                :         NO. 1:10-CV-673
        Petitioner,      :
        v.               :         **OPINION AND ORDER**
TIM BRUNSMAN, WARDEN,            :
        Respondent.      :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 13) and Petitioner's Objection (doc. 14). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I.   Background**

On July 17, 2008, Petitioner was found guilty of murder, tampering with evidence, felonious assault, and kidnapping, and received a total sentence of 28 years to life (doc. 13). Petitioner filed a timely appeal to the Ohio Court of Appeals on August 14, 2008, and raised six assignment of error: (1) the trial counsel provided ineffective assistance of counsel, (2) the trial court committed plain error in failing to sever the murder, abuse of a corpse, and tampering with evidence counts regarding Lynn Lucas from the felonious assault and kidnapping counts regarding Peggy Taylor and thus deprived Petitioner of a fair trial and due process, (3) the trial court deprived Petitioner of due process and a fair trial when it entered his judgments of conviction in the

absence of sufficient evidence to establish guilt, (4) the trial court violated Petitioner's rights to due process and a fair trial when it entered judgments of conviction for felonious assault and kidnapping, which were against the manifest weight of the evidence, (5) the trial court deprived Petitioner of due process and a fair trial when it allowed improper expert opinion testimony, and (6) the trial court violated Petitioner's substantive due process rights when it required all of the terms imposed to be served consecutively (Id.).  On August 26, 2009, the Ohio Court of Appeals affirmed the trial court's decision and overruled Petitioner's assignments of error (Id.).

On October 9, 2009, Petitioner filed a timely appeal to the Ohio Supreme Court and asserted two propositions of law in support of jurisdiction: (1) trial counsel provided ineffective assistance for failing to object to the prejudicial joinder of offenses in one trial and for failing to move to sever unrelated charges against different alleged victims, and (2) the trial court committed plain error and denied Defendant due process by allowing the State to prejudicially join unrelated offenses against different alleged victims in one trial (Id.).  On December 16, 2009, the Ohio Supreme Court dismissed the appeal as "not involving any substantial constitutional question" (doc. 8).

Through new counsel, Petitioner filed a Rule 26(B) application to reopen his appeal based on appellate counsel's

2

failure to raise the following claims on appeal: (1) the trial court committed prejudicial error in denying Petitioner's pre-trial motion for discharge when the accused demonstrated that the State violated his speedy trial rights, and (2) structural error occurred when the jury returned inconsistent verdicts of guilty to murder, but not guilty to voluntary manslaughter on the identical set of facts (doc. 13).  Under the second assignment of error, Petitioner argued that the trial court is collaterally estopped from sentencing Petitioner to the homicide related charges, as the sentence violated the double jeopardy provision under the Fifth, Sixth, and Fourteen Amendments of the Constitution (Id.).  On February 1, 2010, the Ohio appellate court denied Petitioner's application to reopen his appeal, and Petitioner did not appeal the decision to the Ohio Supreme Court (Id.).

Through counsel, Petitioner filed the instant federal habeas corpus action on September 29, 2010 alleging five grounds for relief.  Petitioner contends: (1) ineffective assistance of counsel occurred when trial counsel failed to object to prejudicial joinder of offenses in one trial, and for failing to move to sever unrelated charges against different alleged victims, (2) the trial court committed plain error and denied Petitioner due process by allowing prosecution to prejudicially join unrelated offenses against different alleged victims in one trial, (3) because structural error occurred when the jury returned inconsistent

verdicts of guilty to murder, but not guilty to voluntary manslaughter on the identical set of facts, the trial court is collaterally estopped from sentencing Petitioner to the homicide related charges, (4) the trial court committed prejudicial error in denying Petitioner's pre-trial motion for discharge when the accused demonstrated that the state violated his constitutional right to a speedy trial, and (5) that Petitioner was denied effective assistance of appellate counsel when counsel on direct appeal failed to recognize structural error regarding the jury verdicts, and also failed to raise the pre-trial denial of the motion to discharge on the right to a speedy trial (Id.).  In the return of writ, Respondent opposed the habeas petition by contending that Ground One was without merit and that Grounds Two, Three, Four, and Five were procedurally defaulted and waived (Id.).

On December 27, 2010, in response to the return of writ, Petitioner filed a motion to expand the record and sought to include a sworn affidavit of his attorney, explaining why he did not appeal the Ohio appellate court decision denying his application to reopen (doc. 11).  The affidavit indicated that Petitioner's attorney did not know of the decision until calling the Fourth District Court of Appeals court administrator on May 3, 2010, and that the clerk informed him that under no circumstances would the Ohio Supreme Court accept a memorandum filed after the 45-day period (Id.).  On June 23, 2011, Petitioner's motion to

4

expand the record was granted to the extent that the affidavit will be included in the record for consideration by the court if necessary for the proper adjudication of Petitioner's claims for federal habeas relief (doc. 13). The Magistrate Judge reviewed all of the pertinent documents and prepared her Report and Recommendation (Id.). This matter is now ripe for the Court's consideration.

**II.  The Magistrate Judge's Report and Recommendation**

Under the applicable standard of review set forth in 28 U.S.C. § 2254(d), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The Magistrate Judge noted that the statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. "It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable* . . . . This is a 'substantially higher threshold.'" Otte v. Houk, 654 F.3d 594, 599 (6th Cir.

2001) (emphasis in original).

After reviewing Petitioner's grounds for relief, the Magistrate Judge found all grounds to be lacking in merit (doc. 13). Specifically, the Magistrate Judge found that Ground One is without merit and that Ground Two is procedurally defaulted (Id.). In Ground One, Petitioner claimed he received the ineffective assistance of trial counsel based on counsel's failure to object to the prejudicial joinder of offenses and to move for severance of unrelated charges against a different victim at trial (doc. 1). In Ground Two, Petitioner challenged the trial court's failure to address the joinder of unrelated offenses (Id.). The Magistrate Judge determined that Petitioner procedurally defaulted the claims raised in Ground Two by failing to object to the joinder of charges at trial (doc. 13). The claim alleged in Ground Two is therefore barred from review unless Petitioner can demonstrate cause for and prejudice from his procedural default, or that a fundamental miscarriage of justice will occur if the ground for relief is not considered on its merits. See, e.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. Reed, 489 U.S. 255, 262.

In determining whether there is "cause" for the procedural default, the Magistrate Judge examined Petitioner's ineffective assistance of trial counsel claim as alleged in Ground One (Id.). Under the two-part Strickland test, Petitioner must demonstrate that (1) his trial attorney made such serious errors

that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Magistrate Judge reasoned that the court need not examine the question of whether counsel's performance was deficient before addressing the question of whether petitioner was prejudiced by counsel's performance (doc. 13). As such, the court may dispose of an ineffective assistance of counsel claim by finding that Petitioner has made an insufficient showing on either ground (Id.).

As the last court to reach Petitioner's ineffective assistance of counsel claim on its merits, the Ohio Court of Appeals identified Strickland as the controlling Supreme Court precedent and reasonably concluded that joinder of the charges would not have altered the outcome of Petitioner's trial in light of substantial evidence supporting his convictions (Id.). Thus, Petitioner was not prejudiced by trial counsel's failure to object to the joinder of charges (Id.). After reviewing the record, the Magistrate Judge found that Petitioner has not demonstrated that the Ohio Court of Appeals' decision was contrary to or an unreasonable application of federal law (Id.). While the Magistrate Judge shared concerns with the Ohio Court of Appeals about the joinder of charges, she concluded that joinder of the charges did not ultimately alter the outcome of Petitioner's trial (Id.). The Magistrate Judge further found that Petitioner has not

7

demonstrated that a fundamental miscarriage of justice will occur if his procedurally defaulted claims are not considered (Id.). Therefore, the Magistrate Judge concluded that Petitioner has procedurally defaulted Ground Two pursuant to Ohio's contemporaneous objection round, and that because Ground One is without merit, it cannot serve as cause to excuse the default of Ground Two (Id.).

In Ground Three, Petitioner argued that his sentence violates the Double Jeopardy provision of the Fifth Amendment because the jury convicted him of murder but not voluntary manslaughter, despite both charges involving identical conduct (doc. 1). Petitioner argued that by accepting the murder conviction, the trial court "improperly directed a verdict, committing structural error under Arizona v. Fulminate, 499 U.S. 279, 111 S. Ct. 1246 (1991)" (Id.). In Ground Four, Petitioner claimed that the trial court committed prejudicial error by denying his pre-trial motion for discharge based on the violation of his speedy trial rights (Id.). In Ground Five, Petitioner argued that his appellate counsel was ineffective for failing to raise the underlying claims asserted in Grounds Three and Four on appeal (Id.).

The Magistrate Judge found that Petitioner has procedurally defaulted the claims raised in Grounds Three and Four by failing to raise the claims on direct appeal and on further

8

review to the Ohio Supreme Court (doc. 13).  Ineffective assistance of counsel can provide cause for a procedural default, unless the ineffective assistance of appellate counsel claim was itself procedurally defaulted (Id.).  The Magistrate Judge noted that this is exactly what happened here, as Petitioner failed to appeal the denial of his application to reopen to the Ohio Supreme Court and therefore procedurally defaulted his ineffective assistance of appellate counsel claim (Id.).

However, even if Petitioner could establish cause, Petitioner's ineffective assistance of appellate counsel claim still fails because it is without merit (Id.).  The Magistrate Judge agreed with the Ohio Court of Appeal's determination that the Ohio Court of Appeals correctly identified Strickland as the controlling Supreme Court precedent and reasonably determined that appellate counsel was not ineffective for failing to raise the underlying speedy trial and double jeopardy claims, because neither claim was meritorious.  Because Petitioner was not prejudiced by counsel's failure to raise such claims, Petitioner's appellate counsel was not constitutionally ineffective for failing to raise the meritless claims (Id., citing Davie v. Mitchell, 547 F.3d 297, 312).  The Magistrate Judge concluded that as Petitioner is not entitled to relief on Ground Five, Petitioner cannot rely on the ineffectiveness assistance of appellate counsel claim as cause to excuse the procedural default of Grounds Three and Four (Id.).

9

**III. Petitioner's Objections**

Petitioner objects to the Magistrate Judge's Report and Recommendation on two separate grounds. First, Petitioner objects to the Recommendation on the part of the Magistrate Judge that denies Ground Three of the Petition (doc. 14). Specifically, Petitioner objects to the Magistrate Judge's determination that Petitioner's conviction did not violate the Double Jeopardy provision of the Fifth Amendment when the jury convicted him of murder but not voluntary manslaughter (Id.). Petitioner argues that because the jury acquitted Petitioner of Voluntary Manslaughter, this demonstrates that the jury considered and deliberated the issue of provocation mitigation plus the material fact of Murder (Id.). Thus, Petitioner reasons that when the verdict of acquittal on Voluntary Manslaughter comes back as such, it is legally impossible for the Judge to then sentence on the Murder verdict (Id.). Petitioner argues that this is a structural error under Arizona v. Fulminante that precludes the trial judge from accepting the verdict of guilty on Murder (Id., citing Fulminante, 499 U.S. 279).

Petitioner further argues that in Bies v. Bagley, 535 F.3d 520 (2008), the Sixth Circuit applied this principle citing the recent Supreme Court case of Sattazahn v. Pennsylvania, 537 U.S. 101, 123 S. Ct. 732 (2003):

> "In Sattazahn v. Pennsylvania, the Supreme Court described a second avenue which a death row inmate may

10

>pursue in challenging their sentence under the Double Jeopardy Clause. Under Sattazahn, once a judge or jury has 'acquitted' a capital defendant 'by entering findings sufficient to establish legal entitlement to the life sentence,' jeopardy attaches to such an 'acquittal' and the defendant cannot again be placed in danger of a life sentence for the same offense." Blies, 535 U.S. at 522.

Second, Petitioner objects to the Recommendation on the part of the Magistrate Judge that denies Ground One, the claim by Petitioner that he received ineffective assistance of trial counsel based on counsel's failure to object to the prejudicial joinder of offenses and to move for severance of unrelated charges against different victims at trial (Id.). Petitioner cites Drew v. United States, 331 F.2d 85 (D.C. Cir. 1964), where the Court of Appeals found prejudice in a case where separate counts of Robbery and Attempted Robbery were joined in one trial (Id.). Petitioner further argues that five factors, (1) time, (2) place, (3) common scheme, (4) individuals involved, and (5) propensity, all run in favor of Petitioner and support Petitioner's contention that prejudice is apparent on the face of the record (Id.).

**IV. Discussion**

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. First, Petitioner objects to the part of the Recommendation that denies Ground Three of the petition, contending that because the jury found Petitioner guilty of Murder but not guilty of Voluntary Manslaughter, this demonstrates that

11

the "jury considered and deliberated on the issue of the mitigating factor of provocation, plus the material fact of murder" (doc. 14). However, Petitioner is incorrect in arguing that voluntary manslaughter is subsumed within murder.  The Ohio Supreme Court has held that voluntary manslaughter is not a lesser-included offense of murder, but an inferior degree.  State v. Shane, 590 N.E.2d 272, 274 (Ohio 1992), State v. Benge, 661 N.E.2d 1019, 1025 (Ohio 1996) (stating that voluntary manslaughter "permits a defendant to mitigate a charge of . . . murder to manslaughter if the defendant establishes the mitigating circumstances of sudden passion or a sudden fit of rage in response to serious provocation by the victim sufficient to incite the defendant to use deadly force"). Therefore, it is not "legally impossible" for the jury to find Petitioner guilty of Murder but not guilty of Voluntary Manslaughter.

Petitioner objects further, contending that the trial judge incorrectly directed a verdict under Arizona v. Fulminante, 499 U.S. 279 when the jury was instructed that it "may not find the defendant guilty of both murder and voluntary manslaughter" (doc. 9).  The Court finds no merit in Petitioner's arguments.  As correctly reasoned by the Ohio Court of Appeals and the Magistrate Judge, the jury did not find Petitioner guilty of murder due to an improperly directed verdict.  Instead, the jury "apparently found that Petitioner had not established the mitigating circumstance of

12

sudden passion or rage sufficient to incite Petitioner to use deadly force in order to find Petitioner guilty of voluntary manslaughter" (doc. 13, citing Benge, 661 N.E.2d at 1025).

Finally, Petitioner's reliance on Fulminante is misplaced. While Fulminante does state that "a judge in a criminal trial is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict," the examples given by the Supreme Court include Vasquez v. Hillery, 474 U.S. 254 (1986), the unlawful exclusion of members of the defendant's race from the grand jury that indicted him, Tumey v. Ohio, 273 U.S. 510, 535 (1927), a defendant who is tried before a judge with a financial interest in the outcome, and Waller v. Georgia, 467 U.S. 39, 49 (1984), a defendant whose guarantee of a public trial was violated. Fulminante, 499 U.S. at 321. None of these situations apply here. Therefore, this Court finds no merit to Petitioner's first objection.

Second, Petitioner objects to the part of the Recommendation that denies Ground One of the petition, the claim that Petitioner received ineffective assistance of counsel based on counsel's failure to object to the prejudicial joinder of offenses and to move for severance of unrelated charges against different victims at trial (doc. 14). Petitioner is incorrect, however, in asserting that "a reading of . . . the Magistrate Judge's Report and Recommendation essentially states that the first prong of

13

Strickland has been met, i.e., the fact that trial counsel fell below the standard" (Id.). In contrast, the Magistrate Judge reasoned that the court *need not* examine the question of whether counsel's performance was deficient before addressing the question of whether petitioner was prejudiced by counsel's performance (doc. 13) (emphasis in original).

Furthermore, Petitioner contends that the Magistrate Judge did not use the proper criteria in determining whether prejudice ensued from the failure of trial counsel to move for severance. This Court disagrees with Petitioner's arguments, as the Magistrate Judge correctly applied the Strickland test for prejudice: "To satisfy the 'prejudice' prong of the Strickland test, Petitioner must show that a 'reasonable probability' exists that, but for his counsel's errors, the result of the criminal proceedings would have been different . . . . if he shows that the decision reached would 'reasonably likely have been different absent the errors.'" Strickland, 466 U.S. at 694, Willis v. Smith, 351 F.3d 741, 745 (6th Cir. 2003), McMeans v. Brigano, 228 F.3d 674, 682 (6th Cir. 2000).

The Magistrate Judge reviewed the entire record and properly found that joinder of the charges would not have altered the outcome of Petitioner's trial in light of substantial evidence supporting his conditions, including the testimony of Peggy Taylor, the testimony of Preston Taylor, and significant forensic evidence

14

(doc. 13). While this Court does share concerns about the joinder of charges in this case, the Court also agrees with the Ohio appellate court and the Magistrate Judge that Petitioner has failed to demonstrate a reasonable probability of a different outcome had the charges been severed. Accordingly, the Magistrate Judge correctly concluded that Petitioner was not prejudiced by counsel's failure to object and therefore, this Court finds no merit in Petitioner's second objection.

**V.     Conclusion**

For the aforementioned reasons, this Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 13), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1). The Court also DECLINES to issue a certificate of appealability with respect to the claims in all five grounds of the petition because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-86 (2000). Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.

SO ORDERED.

Dated: July 24, 2012           /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge